1370

In The Matter Of:  07 CR 890 (LAP)

*UNITED STATES OF AMERICA v.*
*JAMES LYONS,*



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 5/6/08

RECEIVED
APR 1 5 2008
LORETTA A. PRESKA
U.S. DISTRICT JUDGE
S.D.N.Y.

*March 24, 2008*

*CONFERENCE*
*SOUTHERN DISTRICT REPORTERS*
*500 PEARL STREET*
*NEW YORK., NY 10007*
*212-805-0300*

Original File 83ORLYOP.txt, Pages 1-15

**Word Index included with this Min-U-Script®**

UNITED STATES OF AMERICA v.
JAMES LYONS,

March 24, 2008

## Page 1

```
                                       83orlyop
 [1]    UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF NEW YORK
 [2]    ------------------------------x
 [3]    UNITED STATES OF AMERICA
 [4]                 v.                        07 Cr. 890 (LAP)
 [5]    JAMES LYONS,
                                               Plea
 [6]                 Defendant.
 [7]    ------------------------------x
 [8]                                           New York, N.Y.
                                               March 24, 2008
 [9]                                           10:15 a.m.
        Before:
[10]
                    HON. ANDREW J. PECK
[11]
                                               Magistrate Judge
[12]
[13]                APPEARANCES
[14]
[15]
        MICHAEL J. GARCIA
[16]       United States Attorney for the
           Southern District of New York
[17]       One St. Andrews Plaza
           New York, New York  10007
[18]    PARVIN D. MOYNE
           Assistant United States Attorney
[19]
[20]    FEDERAL DEFENDERS OF NEW YORK, INC.
           Attorneys for Defendant
[21]       52 Duane Street, 10th Floor
           New York, New York  10007
[22]       (212) 417-8700
        BY: FIONA DOHERTY, ESQ.
[23]
[24]
[25]
```

## Page 2

[1]   (Case called)
[2]   THE COURT: Counsel, state your appearances for the
[3]   record.
[4]   MS. MOYNE: Parvin Moyne for the government. Good
[5]   morning, your Honor.
[6]   MS. DOHERTY: Good morning, your Honor. Fiona Doherty
[7]   Federal Defenders of New York, for Mr. Lyons, who is seated
[8]   beside me in court today.
[9]   THE COURT: Mr. Lyons, please stand. Is this your
[10]  signature on the consent to proceed form?
[11]  THE DEFENDANT: Yes, it is, your Honor.
[12]  THE COURT: Before you signed it, did your attorney
[13]  explain to you that you have the right to have your plea heard
[14]  before the district judge, Judge Preska, but that if you
[15]  consent, I can hear your plea and I'll make a recommendation to
[16]  Judge Preska?
[17]  THE DEFENDANT: Yes, she did, your Honor.
[18]  THE COURT: You have agreed to that?
[19]  THE DEFENDANT: I did.
[20]  THE COURT: Please raise your right hand.
[21]  (Defendant sworn)
[22]  THE COURT: State your full name for the court
[23]  reporter's record.
[24]  THE DEFENDANT: James Daniel Lyons.
[25]  THE COURT: What is the last grade of schooling that

## Page 3

[1]   you completed?
[2]   THE DEFENDANT: Juris doctorate 1997.
[3]   THE COURT: Are you a United States citizen, Mr.
[4]   Lyons?
[5]   THE DEFENDANT: Yes, sir.
[6]   THE COURT: Are you currently or have you recently
[7]   been under the care of a doctor, a psychiatrist, or any other
[8]   medical or mental health professional?
[9]   THE DEFENDANT: I'm undergoing marriage counseling and
[10]  family counseling with a local psychologist. I'm under no
[11]  medication.
[12]  THE COURT: Is there anything in your counseling that
[13]  in any way would prevent you from being clear and understanding
[14]  and proceeding in court today?
[15]  THE DEFENDANT: No, your Honor.
[16]  THE COURT: Have you ever been treated for alcoholism
[17]  or drug addiction?
[18]  THE DEFENDANT: No, your Honor.
[19]  THE COURT: Do you feel physically and mentally all
[20]  right and able and willing to proceed with your case today?
[21]  THE DEFENDANT: Yes.
[22]  THE COURT: Are you having any difficulty seeing or
[23]  hearing or understanding what I'm saying to you?
[24]  THE DEFENDANT: No. I'm fine, your Honor.
[25]  THE COURT: You've got a law degree, so you'll

## Page 4

[1]   understand more here than most people. Nevertheless, if at any
[2]   point either you don't understand what I'm telling you or what
[3]   I'm asking you or for whatever reason you don't hear what I'm
[4]   saying, don't try to finesse or fake your way through it; just
[5]   ask me to be clear or louder or both. Is that agreed?
[6]   **THE DEFENDANT:** I agree, your Honor. Thank you.
[7]   **THE COURT:** Have you received a copy of the indictment
[8]   against you?
[9]   **THE DEFENDANT:** I have.
[10]  **THE COURT:** Have you reviewed it with Ms. Doherty?
[11]  **THE DEFENDANT:** I have.
[12]  **THE COURT:** Do you wish me to publicly read it out
[13]  loud now?
[14]  **THE DEFENDANT:** No, I do not.
[15]  **THE COURT:** You've talked with Ms. Doherty about the
[16]  charges you're facing and how you wish to plead?
[17]  **THE DEFENDANT:** I have.
[18]  **THE COURT:** Are you satisfied with the representation
[19]  that she has been and is giving to you?
[20]  **THE DEFENDANT:** I have.
[21]  **THE COURT:** I'm not sure an "I have" works on that
[22]  one.
[23]  **THE DEFENDANT:** I'm very satisfied, your Honor.
[24]  **THE COURT:** Thank you. Are you ready to enter a plea
[25]  at this time?

Page 5

[1] **THE DEFENDANT:** I am, your Honor.
[2] **THE COURT:** What is your plea?
[3] **THE DEFENDANT:** Guilty.
[4] **THE COURT:** Now I'm going to ask you some questions to
[5] make sure, even though you have a law degree, that you
[6] understand some of the charges you're facing and some of the
[7] rights you're giving up and some of the consequences of
[8] pleading guilty. Do you understand that you are charged with
[9] bank fraud and that that carries a maximum sentence of 30
[10] years' imprisonment, a maximum of 5 years' supervised release,
[11] a maximum fine of the greatest of $1 million or twice the gross
[12] gain or loss from the offense, and a mandatory $100 special
[13] assessment?
[14] **THE DEFENDANT:** I understand, your Honor.
[15] **THE COURT:** Do you understand that you have the right
[16] to plead not guilty and the right to a jury trial on these
[17] charges?
[18] **THE DEFENDANT:** I understand.
[19] **THE COURT:** Do you understand that if you were to
[20] plead not guilty and go to trial, you would be presumed
[21] innocent unless and until the government could prove your guilt
[22] beyond a reasonable doubt?
[23] **THE DEFENDANT:** I understand, your Honor.
[24] **THE COURT:** Do you understand that at a trial you have
[25] the right to be represented by an attorney during all

Page 6

[1] proceedings up to and including the trial, and that, if
[2] necessary, an attorney will be appointed for you free of
[3] charge?
[4] **THE DEFENDANT:** I understand, your Honor.
[5] **THE COURT:** Do you understand that at a trial you
[6] would have the right yourself and/or through your attorney to
[7] confront and question anybody who testifies against you?
[8] **THE DEFENDANT:** I understand, your Honor.
[9] **THE COURT:** Do you understand that at a trial you
[10] would have the right not to be forced to incriminate yourself,
[11] so nobody, not Ms. Doherty, not the prosecutor, not Judge
[12] Preska, nobody could force you to testify at trial if by doing
[13] so you thought you might incriminate yourself; but on the other
[14] hand, after getting Ms. Doherty's legal advice, you would have
[15] the right to testify if you wished to do so?
[16] **THE DEFENDANT:** I understand, your Honor.
[17] **THE COURT:** Do you understand that at a trial you
[18] could call witnesses to testify on your own behalf and that the
[19] court would issue subpoenas to get them to trial if necessary?
[20] **THE DEFENDANT:** I understand, your Honor.
[21] **THE COURT:** Do you understand that if you do plead
[22] guilty, there will be no trial of any kind, so that you are
[23] giving up your right to a trial, waiving any defenses you may
[24] have, including any possible claim that your constitutional
[25] rights may have been violated?

Page 7

[1] **THE DEFENDANT:** I understand, your Honor.
[2] **THE COURT:** Do you understand the nature of the
[3] charges that you are facing and the range of penalties you
[4] face, including those I advised you of a few moments ago?
[5] **THE DEFENDANT:** I understand, your Honor.
[6] **THE COURT:** Have you and Ms. Doherty talked about how
[7] the United States Sentencing Commission guidelines and the
[8] additional sentencing factors in 18 U.S. Code section 3553 may
[9] apply to your case?
[10] **THE DEFENDANT:** We have discussed it, your Honor.
[11] **THE COURT:** Do you understand that under the
[12] sentencing guidelines in section 3553 Judge Preska is required
[13] to take into account a number of factors in imposing sentence
[14] upon you, including but not limited to the conduct in which you
[15] engaged, the victim of the offense, the role you played in the
[16] offense, whether you have accepted responsibility for your
[17] acts, whether you have any criminal history, and whether you
[18] have engaged in any obstruction of justice? Do you understand
[19] that?
[20] **THE DEFENDANT:** I understand, your Honor.
[21] **THE COURT:** Between now and the date of sentencing,
[22] the probation department will interview you, conduct a further
[23] investigation, and prepare a pre-sentence report. You and your
[24] attorney will get copies. The prosecutor and Judge Preska will
[25] also get copies. If you or Ms. Doherty on the one hand or the

Page 8

[1] prosecutor on the other believes anything in the pre-sentence
[2] report is inaccurate or incorrect, each side will have the
[3] opportunity to file objections to the report. Do you
[4] understand that?
[5] **THE DEFENDANT:** I understand, your Honor.
[6] **THE COURT:** Do you understand that Judge Preska will
[7] not be able to determine what sentencing guidelines or other
[8] 3553 sentencing factors apply to your case until after the
[9] pre-sentence report has been completed and after any objections
[10] by either side have been filed and ruled upon?
[11] **THE DEFENDANT:** I understand, your Honor.
[12] **THE COURT:** Do you understand that as is now clear
[13] after Supreme Court decisions, the sentencing guidelines are
[14] just that, they are guidelines, which means that Judge Preska
[15] can give you a sentence within the guideline range, less than
[16] the guideline range, or greater than the guideline range, but
[17] of course cannot exceed the statutory maxima for the offense?
[18] **THE DEFENDANT:** I understand, your Honor.
[19] **THE COURT:** Do you also understand that under some
[20] circumstances you and/or the government may have the right to
[21] appeal from any sentence that you receive?
[22] **THE DEFENDANT:** I understand, your Honor.
[23] **THE COURT:** I don't know what sentence you may be
[24] hoping for as you stand here today, but do you understand that
[25] even if the sentence you receive from Judge Preska is more

Page 9

[1] severe than that, you will still be bound by your guilty plea
[2] and not permitted to withdraw it?
[3]    THE DEFENDANT: I understand, your Honor.
[4]    THE COURT: Do you understand that in the federal
[5] system parole has been abolished so that if you are sentenced
[6] to prison, you will not be released early on parole?
[7]    THE DEFENDANT: I understand, your Honor.
[8]    THE COURT: If you are sentenced to a term of
[9] supervised release and you violate any of the conditions of
[10] that release, you face additional punishment, including
[11] additional imprisonment up to the maximum allowed by law?
[12]    THE DEFENDANT: I understand, your Honor.
[13]    THE COURT: Do you also understand that in addition to
[14] the criminal law consequences we've been talking about, there
[15] are civil consequences to a plea of guilty or conviction here,
[16] including but not limited to the possible loss of your law
[17] license, or the definite loss of your law license, and other
[18] possible consequences: Loss of voting rights, losses of the
[19] ability to hold other jobs, etc.?
[20]    THE DEFENDANT: I understand, your Honor. Just for
[21] the record, I never practiced law, although I was admitted.
[22]    THE COURT: Thank you. Do you understand that the
[23] answers you have been and are and will be giving me today can
[24] be used against you in a prosecution for perjury or false
[25] statements if you are not telling me the truth?

Page 11

[1]    THE DEFENDANT: I do, your Honor.
[2]    THE COURT: Are you doing so because you are in fact
[3] guilty of the crime charged?
[4]    THE DEFENDANT: That is correct, your Honor, I am
[5] guilty.
[6]    THE COURT: Ms. Doherty, have you talked with Mr.
[7] Lyons about the charges he is facing and the consequences of
[8] pleading guilty?
[9]    THE DEFENDANT: I have, your Honor.
[10]    THE COURT: In your view, does he understand what he
[11] is doing?
[12]    MS. DOHERTY: He does.
[13]    THE COURT: In your view, is he pleading guilty
[14] because, based on what you know from him and from discovery
[15] from the government, he is in fact guilty?
[16]    MS. DOHERTY: Yes, your Honor.
[17]    THE COURT: Please tell me in your own words, Mr.
[18] Lyons, what it is that you did.
[19]    THE DEFENDANT: Regrettably, your Honor, I opened up
[20] an unauthorized account for the company I worked for at
[21] Wachovia Bank. I then deposited a number of company checks in
[22] this unauthorized account and withdrew the funds. Many of
[23] these deposits were made in New York City. At the time I knew
[24] what I was doing. It was regrettable, wrong, and I'm very
[25] sorry.

Page 10

[1]    THE DEFENDANT: I understand, your Honor.
[2]    THE COURT: Mr. Lyons, have any threats been made to
[3] you by anyone to convince you to plead guilty?
[4]    THE DEFENDANT: No.
[5]    THE COURT: I have a copy of the so-called Pimentel
[6] letter from the government to your counsel dated November 6,
[7] 2007. Other than the information contained in there, has
[8] anybody made any promise to you in any way to convince you or
[9] influence you to plead guilty?
[10]    THE DEFENDANT: No, your Honor.
[11]    THE COURT: In particular, has anybody made you any
[12] promise in any way, shape, or form as to the sentence that you
[13] are going to get from Judge Preska?
[14]    THE DEFENDANT: No, your Honor.
[15]    THE COURT: Do you understand that the government's
[16] calculation at least is that the sentencing range for your
[17] crime is 18 to 24 months?
[18]    THE DEFENDANT: I understand, your Honor.
[19]    THE COURT: That doesn't bind you, it doesn't bind the
[20] court, but that's the government's calculation. Do you
[21] understand that?
[22]    THE DEFENDANT: I understand, your Honor.
[23]    THE COURT: Having now gone through, Mr. Lyons, some
[24] of the consequences of pleading guilty and some of the rights
[25] you're giving up, do you still wish to plead guilty?

Page 12

[1]    THE COURT: For the record, when you said New York
[2] City -- because, as you may recall, New York City is the only
[3] city in the country divided into two judicial districts -- did
[4] any of your conduct take place in Manhattan or the Bronx?
[5]    THE DEFENDANT: Yes, your Honor.
[6]    THE COURT: When you say that you deposited company
[7] checks and then withdrew the funds, were those checks that were
[8] legitimately made out to you?
[9]    THE DEFENDANT: No, they were not. They were made out
[10] to my employer, the company.
[11]    THE COURT: So you were depositing someone else's
[12] money into a account you controlled and then taking the money?
[13]    THE DEFENDANT: That is correct, your Honor.
[14]    THE COURT: Did you know that what you did was wrong?
[15]    THE DEFENDANT: I did, your Honor.
[16]    MS. MOYNE: Your Honor, the government proffers that
[17] at the time of the execution of this scheme, Wachovia Bank was
[18] insured by the FDIC.
[19]    THE COURT: I think we can all take judicial notice of
[20] that or its equivalent. For the record, Ms. Doherty, I assume
[21] you consent to that.
[22]    MS. DOHERTY: Yes, your Honor.
[23]    THE COURT: Any additional questions the government
[24] can suggest?
[25]    MS. MOYNE: Yes, your Honor. I apologize if I missed

Page 13

[1] the Court's inquiry, but if the Court could inform the
[2] defendant that restitution in this case is mandatory and about
[3] the effects of the violation of supervised release.
[4]     THE COURT: The supervised release I did already
[5] discuss.
[6]     MS. MOYNE: I apologize.
[7]     THE COURT: That's OK. But I didn't mention anything
[8] about restitution.
[9]     Do you understand that restitution is mandatory in
[10] this case and that you will have to pay some amount of
[11] restitution?
[12]     Has the government determined an amount at this time?
[13]     MS. MOYNE: Your Honor, we are still in discussions
[14] with defense counsel about the exact amount.
[15]     THE COURT: Do you understand that you will need to
[16] make restitution, Mr. Lyons?
[17]     THE DEFENDANT: I do, your Honor.
[18]     THE COURT: Ms. Doherty, do you know of any reason why
[19] Mr. Lyons should not plead guilty or why I should not recommend
[20] to Judge Preska acceptance of this plea?
[21]     MS. DOHERTY: No, your Honor.
[22]     THE COURT: Ms. Moyne?
[23]     MS. MOYNE: No, your Honor.
[24]     THE COURT: I'm satisfied, Mr. Lyons, that you
[25] understand the nature of the charges you're facing and the

Page 14

[1] consequences of pleading guilty. I'm also satisfied that your
[2] plea is made freely, voluntarily, and knowingly, and that there
[3] is a factual basis for the plea.
[4]     Actually, the one thing that I don't know that I got
[5] is the time period that this occurred. When did this occur,
[6] Mr. Lyons?
[7]     THE DEFENDANT: 2004 till 2006 is my recollection,
[8] your Honor.
[9]     THE COURT: Thank you. I therefore recommend to Judge
[10] Preska that she accept Mr. Lyons' plea of guilty to the
[11] indictment.
[12]     Has a date for sentencing been set?
[13]     MS. DOHERTY: Yes, your Honor, June 26, 2008.
[14]     THE COURT: At?
[15]     MS. MOYNE: I unfortunately didn't write down the
[16] time.
[17]     MS. DOHERTY: 4 o'clock.
[18]     MS. MOYNE: At 4 o'clock.
[19]     THE COURT: Your sentencing will take place on June
[20] 26th at 4:00 p.m. If there is any change in that because of a
[21] change in Judge Preska's calendar or anything else, Ms. Doherty
[22] will be notified and she will notify you.
[23]     In the meantime, I direct that a pre-sentence report
[24] be prepared. You need to cooperate with the probation
[25] department as they do that because that is a critical part of

Page 15

[1] the sentencing phase of your case. You understand that and
[2] will so cooperate, correct?
[3]     THE DEFENDANT: I understand that, yes, your Honor,
[4] yes.
[5]     THE COURT: If you and Ms. Doherty wish, I will have
[6] the clerk mark the record now to indicate that any such
[7] conference with the probation staff occur only in the presence
[8] of Ms. Doherty or one of her colleagues.
[9]     MS. DOHERTY: Yes, please, your Honor.
[10]     THE COURT: The record is so marked. I take it, but
[11] maybe I shouldn't, that Mr. Lyons has previously been
[12] presented, is that correct, and bail has been set?
[13]     MS. MOYNE: That's correct, your Honor.
[14]     THE COURT: Bail will be continued as previously set.
[15] Any applications in that regard can be taken up with Judge
[16] Preska. Ms. Moyne, I direct you on behalf of the office to
[17] make the arrangements to obtain the transcript of the plea
[18] colloquy and present it to Judge Preska along with any other
[19] cover paperwork she may require.
[20]     MS. MOYNE: Yes, your Honor.
[21]     THE COURT: With that, we are adjourned.
[22]     (Adjourned)

*[Handwritten note:]* The plea is accepted. Sentencing shall be on June 26, 2008 at 4:00pm. So ordered

Loretta A. Preska
USDJ

May 5, 2008